Citation Nr: 1448558 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-20 788 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to service connection for hypertension, to include as due to in-service herbicide exposure or as secondary to a service-connected disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

R. Casadei, Associate Counsel



INTRODUCTION

The Veteran served on active duty from January 1969 to January 1973.

This appeal before the Board of Veterans' Appeals (Board) is from an August 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Indianapolis, Indiana. This appeal was processed using the Veterans Benefits Management System (VBMS). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. In evaluating this case, the Board has also reviewed the "Virtual VA" system to ensure a complete assessment of the evidence.

The Board denied the above claim in a June 2013 decision. The Veteran appealed the June 2013 Board decision to the Court of Appeals for Veterans Claims (Court). In December 2013, the Court vacated, in part, and remanded the claim for service connection for hypertension based on a Joint Motion for Remand.

Subsequently, the issue on appeal was remanded by the Board in April 2014 for further evidentiary development of requesting outstanding post-service treatment records and to obtain a VA medical opinion regarding the etiology of the Veteran's hypertension disability. For the reasons discussed below, the appeal is again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As noted above, the Board remanded the claim for service connection for hypertension in April 2014. The Board directed the AOJ to schedule the Veteran for an appropriate VA examination. The April 2014 remand directive specifically noted that "the purpose of the examination is to determine the etiology of the Veteran's diagnosed hypertension, in particular, whether the Veteran's hypertension is the result of his active duty service." Further, the examiner was asked to "review all medical evidence associated with the claims file. In particular, the Board draws the physician's attention to the fact that the Veteran was exposed to Agent Orange during his active duty service."

A VA medical opinion was obtained in May 2014. The examiner reviewed the evidence of record and diagnosed the Veteran with hypertension. The examiner then opined that it was less likely than not (less than 50% probability) that the Veteran's hypertension was related to service. The examiner stated that there was neither a pre-existing or in-service hypertension condition affirmed in the service treatment records. The examiner further noted that there was no medical evidence of the onset of and/or manifestation of hypertension to a compensable degree within one year of separation from service. 

The examiner also noted numerous blood pressure readings from the Veteran's records. The examiner then stated that the estimated date of diagnosis of hypertension was between 1994 and 2003; at least 21 years from the time of service separation. The examiner then opined that the current acceptable etiology of the Veteran's hypertension condition was that of "essential benign hypertension without secondary cause." The Board notes that the VA examiner did not discuss the Veteran's verified in-service exposure to Agent Orange and did not provide an opinion as to whether the Veteran's hypertension was related to Agent Orange exposure as specifically requested in the Board's April 2014 remand. See Stegall v. West, 11 Vet. App. 268, 270 (1998) (holding that a remand by the Board imposes upon the Secretary of the VA a concomitant duty to ensure compliance with the terms of the remand). Accordingly, a supplemental medical opinion is warranted. 

Further, in a statement dated in October 2014 (titled Appellant's Post-Remand Brief), the Veteran's representative noted that the Veteran's currently diagnosed hypertension may be caused or aggravated by his service-connected anxiety disorder. The representative noted that currently accepted medical principles indicate a causal or aggravating link between mental disorders and cardiovascular disease. For these reasons, the supplemental medical opinion must also consider whether the Veteran's hypertension is caused or aggravated by the service-connected anxiety disorder disability. See Allen v. Brown, 7 Vet. App. 439, 448 (1995). 
Also, the last VA treatment record is dated April 15, 2013 from the Louisville VA Medical Center (VAMC). Updated VA treatment records should be obtained and associated with the claims file or the Virtual VA electronic claims file.

Accordingly, the case is REMANDED for the following actions:

1. The RO/AMC should obtain all treatment records from the Louisville VAMC from April 16, 2013 to the present. Any documents received by VA should be associated with the record. Any negative responses should be properly documented in the record.

2. Then, the RO/AMC should obtain a VA supplemental medical opinion from the examiner who conducted the May 2014 VA examination. If that examiner is not available, obtain an opinion from another appropriate VA examiner. If the examiner determines that additional examination of the Veteran is necessary to provide a reliable opinion, such examination should be scheduled; however, the Veteran should not be required to report for another examination if it is not found to be necessary. The relevant documents in VBMS and Virtual VA should be made available to and reviewed by the VA examiner.

The examiner shall provide the following opinions: 

(a) Whether it is at least as likely as not 
(i.e., probability of 50 percent or greater) that the Veteran's hypertension is related to his verified in-service exposure to Agent Orange.

(b) Whether it is at least as likely as not that the Veteran's hypertension is caused by his service-connected anxiety disorder disability. 
(c) Whether it is at least as likely as not that the Veteran's hypertension is aggravated by his service-connected anxiety disorder disability. 

(d) If the VA examiner opines that the Veteran's hypertension is aggravated by the service-connected anxiety disorder disability, to the extent that is possible, the VA examiner is requested to provide an opinion as to approximate baseline level of severity of the hypertension before the onset of aggravation. 

The VA examiner is directed that "aggravation" is defined as a permanent increase in the severity of the underlying disability beyond its natural progression. 

The VA examiner is requested to provide a rationale for any opinions provided. If the examiner is unable to answer any question presented without resort to speculation, he/she should so indicate.

3. Then, the Veteran's claim for service connection for hypertension, to include as due to herbicide exposure or as secondary to a service-connected disability must be readjudicated on the basis of all of the evidence of record and all governing legal authority. If the benefit sought on appeal remains denied, the Veteran and his representative must be provided with a supplemental statement of the case. An appropriate period of time should then be allowed for a response, before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




_________________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).